4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Michael Wayne STEWART, Defendant-Appellant.
 No. 93-5221.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 8, 1993.
Decided: September 3, 1993.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-104)
 Harry A. Smith, III, JORY & SMITH, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 VACATED AND REMANDED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Wayne Stewart appeals from the district court's order revoking the remainder of his six-year supervised release term pursuant to the mandatory revocation provisions of 18 U.S.C.A. Sec. 3583(g) (West Supp. 1993), following Stewart's admitted use of cocaine. Upon revocation, the district court ordered Stewart to begin an additional two-year period of incarceration as required by Sec. 3583(g). Stewart argues on appeal, and the government concedes, that application of the Sec. 3583(g) to this case constituted an Ex Post Facto Clause violation, because Stewart's original offense conduct occurred prior to the effective date of the statute. United States v. Parriett, 974 F.2d 523 (4th Cir. 1992). Because Stewart failed to raise this issue at the revocation hearing, however, we can only consider it on appeal if it meets the "plain error" standard of Fed. R. Crim. P. 52(b). We find that it does and thus vacate the district court's decision.
 
 
 2
 The Supreme Court recently held in United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993), that appellate authority under Rule 52(b) is circumscribed in three ways. First, there must in fact be an error; second, the error must be plain or obvious; and third, "the error must have been prejudicial: It must have affected the outcome of the District Court proceedings." Id. at 4423-24. Given our holding in Parriett, the error here at issue is plain. Furthermore, the appellate record illustrates that the outcome of the revocation hearing was very much affected by the district court's belief that it had no discretion to fashion a response to Stewart's supervised release violation. Hence, we find that the application of Sec. 3583(g) constituted plain error. We therefore vacate the district court's decision and remand this case for further consideration without application of Sec. 3583(g). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED